IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA, §
§
Plaintiff, §
§ Criminal No. 3:18-CR-006-D
VS. §
§
CRAIG GIBSON WILBUR (2), §
§
Defendant. §

MEMORANDUM OPINION
AND ORDER

Defendant Craig Gibson Wilbur ("Wilbur") moves to withdraw his guilty plea. For the reasons that follow, the court denies the motion.

I

Wilbur was indicted on February 6, 2018 on one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).[1] He signed a plea agreement and factual resume on May 14, 2018 agreeing to plead guilty to the § 841(a)(1) charge. Wilbur entered his guilty plea on July 6, 2018. On January 17, 2019—15 days before his scheduled February 1, 2019 sentencing hearing—Wilbur filed the present motion seeking to withdraw his plea.

---

[1]This indictment was superseded by an information filed on June 28, 2018, which charged a single count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

II

A

Fed. R. Crim. P. 11(d)(2)(B) provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."

> A defendant does not have an absolute right to withdraw his guilty plea. When requesting withdrawal before sentencing, the defendant must show a fair and just reason for the request. When determining whether a fair and just reason has been shown, a court considers the factors set forth in *United States v. Carr*. The factors include whether (1) the defendant has asserted his innocence, (2) the government would be prejudiced, (3) the defendant delayed in requesting the withdrawal, (4) the court would be substantially inconvenienced, (5) the close assistance of counsel was available, (6) the plea was knowing and voluntary, (7) the withdrawal would waste judicial resources, and as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007) (quoting *United States v. Powell,* 354 F.3d 362, 370 (5th Cir. 2003), Rule 11(d)(2)(B), and *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984) (footnotes, brackets, and internal quotation marks omitted)). "A mere change of mind is insufficient to permit the withdrawal of a guilty plea before sentencing." *Id.* at 316-17 (brackets, internal quotation marks, and ellipsis omitted) (quoting *United States v. Glinsey*, 209 F.3d 386, 397 (5th Cir. 2000)). "Withdrawal is permitted for pleas unknowingly made; the purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made

a bad choice in pleading guilty." *Id.* at 317 (brackets and internal quotation marks omitted) (quoting *Carr*, 740 F.2d at 345).

"The defendant bears the burden of establishing a fair and just reason for withdrawing his plea." *Powell,* 354 F.3d at 370 (citing *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998)). "The district court's decision to permit or deny the motion is based on the totality of the circumstances." *Id.* (citing *Brewster*, 137 F.3d at 858). "[T]he district court is not required to make findings as to each of the *Carr* factors." *Id.* (citing *Brewster*, 137 F.3d at 858). Wilbur does not explicitly address all the *Carr* factors in his motion. The government addresses each factor in its response.

A defendant is "not entitled to an evidentiary hearing, [although] a hearing is required 'when the defendant alleges sufficient facts which, if proven, would justify relief.'" *Id.* (quoting *United States v. Mergist,* 738 F.2d 645, 648 (5th Cir. 1984)). "[A] district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion." *Id.* (citing *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983)). In *Powell* the Fifth Circuit found no such abuse of discretion where the defendant alleged numerous reasons for allowing her guilty plea to be withdrawn but, even if they were all true, under the totality of the *Carr* factors, they clearly did not tip in her favor, and there was no indication that the district court made any clear errors in assessing the evidence pertaining to the defendant's plea. *Id.* at 371. The Fifth Circuit has also upheld the denial of an evidentiary hearing where the defendant "did not assert his innocence, delayed several weeks before seeking to withdraw his plea, and entered his plea with the assistance of counsel." *Washington*, 480

F.3d at 317. The court holds that Wilbur's motion is insufficient to warrant convening an evidentiary hearing, particularly considering the substantial evidence developed during the plea hearing that defeats his claim that his plea was not knowing or voluntary.

B

1

The first *Carr* factor inquires whether a defendant has asserted his innocence. Wilbur does not assert in his motion that he is innocent. The first factor therefore weighs against allowing him to withdraw his plea.

2

The second *Carr* factor is whether the government would be prejudiced if the motion were granted. This factor intertwines with the fourth factor—whether the court would be substantially inconvenienced—and the seventh *Carr* factor—whether the withdrawal would waste judicial resources.

Although Wilbur has the burden on his motion, he has made no attempt to address any of these three factors. The government—who does not have the burden—has affirmatively established that it would be prejudiced by the granting of the motion. After Wilbur entered his plea, the government negotiated plea agreements with a number of Wilbur's codefendants on the assumption that the government would not need their cooperation against Wilbur. If Wilbur were now to go to trial, the government would have to renegotiate its agreements with many of Wilbur's codefendants—some of whom have already been sentenced—in order to obtain the testimony necessary to prove Wilbur's guilt beyond a reasonable doubt. *Cf.*

*United States v. Rodriguez*, 2010 WL 286730, at *4 (N.D. Tex. Jan. 22, 2010) (Fitzwater, C.J.) (finding that government would be burdened by withdrawal because many necessary witnesses "are co-conspirators who have now been sentenced and are in federal custody").

Moreover, it might be necessary for the court to devote time to considering sentence reductions for defendants who have already been sentenced but who are called as witnesses at Wilbur's trial. Although this might not substantially inconvenience the court, it would waste judicial resources.

The court therefore concludes that the *Carr* factors that consider whether the government would be prejudiced and whether withdrawal would waste judicial resources support denying the motion. The factor that considers whether withdrawal would substantially inconvenience the court favors granting the motion. *See, e.g., United States v. Konan*, 2007 WL 2851106, at *3 (N.D. Tex. Oct. 2, 2007) (Fitzwater, J.) ("Although the court would be inconvenienced by granting Konan's motion—it was prepared to try the case in July—it would not be *substantially* inconvenienced. . . . The court holds that it would not be substantially inconvenienced by allowing Konan to withdraw his guilty plea, and this factor favors granting the motion.").

3

The third *Carr* factor—whether Wilbur has delayed in filing his withdrawal motion—also weighs against granting his motion. Wilbur pleaded guilty on July 6, 2018. The presentence report ("PSR") was disclosed on September 26, 2018, and the government filed its motion for downward departure pursuant to U.S.S.G. § 5K1.1 on November 28,

2018.² Wilbur waited until January 17, 2019, over six months after pleading guilty, to move to withdraw his plea.³

As *Carr* teaches, "[w]ithdrawal is permitted for pleas unknowingly made; the purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Washington*, 480 F.3d at 317 (brackets and internal quotation marks omitted) (quoting *Carr*, 740 F.2d at 345). If Wilbur's plea were unknowingly made, he could have withdrawn it at any time in the past six months. But this is not the reason why Wilbur has moved to withdraw. Wilbur's motion indicates that he is "very upset" by the downward departure recommended by the government, and believes that his cooperation entitles him to a greater reduction of his offense level. Mot. Withdraw 2. He asserts that he was "duped" into cooperating. *Id.* But a defendant's dissatisfaction with his sentencing recommendation is not a fair and just reason for withdrawing his plea. *Cf. Konan*, 2007 WL 2851106, at *3 (denying motion to withdraw plea because, *inter alia*, timing of motion indicated that

---

²Although the government filed its motion for downward departure under seal, it mentioned the § 5K1.1 motion—and the fact of Wilbur's cooperation—in its publicly-filed response to Wilbur's motion to withdraw. The nature and extent of Wilbur's cooperation remain confidential.

³Even if the court were to measure the delay from the date the § 5K1.1 motion was filed, instead of the date of Wilbur's plea, this factor would still weigh against granting Wilbur's motion. More than 1½ months elapsed between the filing of the motion for downward departure and Wilbur's withdrawal request. In contrast, the Fifth Circuit has deemed a delay of as little as 22 days to weigh against granting a motion to withdraw. *See Carr*, 740 F.2d at 345.

defendant was simply unhappy with PSR's guidelines calculation). Indeed, the plea agreement that Wilbur acknowledged reading carefully and understanding before signing[4] provides that Wilbur "will not be allowed to withdraw [his] plea if [his] sentence is higher than expected." Plea Agreement ¶ 5. The third *Carr* factor therefore weighs against granting Wilbur's motion.

4

The fifth *Carr* factor is whether close assistance of counsel was available. Wilbur's lawyer was present when Wilbur executed the plea documents and when he entered his guilty plea in open court. In response to one of the court's questions during the plea hearing, Wilbur testified under oath that he was fully satisfied with his attorney and the representation and advice given him by his attorney. This factor also weighs against granting Wilbur's motion.

5

The sixth *Carr* factor is whether the original plea was knowing and voluntary. Wilbur

---

[4]The following exchange occurred during the plea hearing:

> THE COURT: . . . the court has before it a plea agreement and plea agreement supplement that were filed with the court on June 1, 2018. Before you signed these documents did you have an opportunity to read them carefully and discuss them with your attorney?
> THE DEFENDANT: Yes, sir.
> THE COURT: Did you understand the plea agreement and the plea agreement supplement before you signed them?
> THE DEFENDANT: Yes, sir.

does not assert in his motion that he did not understand the nature and consequences of his plea. To the contrary, the plea agreement indicates that Wilbur understood the rights he was waiving, the nature and elements of the crime to which he was pleading guilty, and the potential statutory penalties he now faces. Wilbur read the plea agreement carefully and understood it before he signed it. *See supra* note 4.

Wilbur's statements in the plea agreement are not the only ones that establish that his plea was knowing and voluntary. The court conducted a careful and thorough plea hearing during which it asked Wilbur numerous questions that he answered under oath. In a series of several questions, the court specifically asked Wilbur whether he understood the charge against him, the consequences of pleading guilty (i.e., the punishment provided by law and how the advisory sentencing guidelines might affect his sentence), the specific rights he was relinquishing by pleading guilty, and the plea documents he had signed. In the end, the court expressly found based on its observation of Wilbur, his responses under oath, and the responses of his counsel that Wilbur's plea of guilty was a knowing and voluntary plea.

The court adheres to its finding that Wilbur's guilty plea was knowing and voluntary. This factor supports denying his motion.

6

Having considered the *Carr* factors under the totality of the circumstances, the court concludes that Wilbur's motion should be denied.

III

In his motion, Wilbur has not shown a fair and just reason for requesting that his guilty plea be withdrawn. Wilbur's January 17, 2019 motion to withdraw plea is denied. The court will sentence Wilbur, as scheduled, on February 1, 2019 at 2:00 p.m.

**SO ORDERED**.

January 25, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE